# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2804

_____

| | | |
|---|---|---|
| John J. Coutee, | * | |
| | * | |
| Petitioner-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Dave Dormire; Jeremiah W. Nixon, | * | |
| | * | [UNPUBLISHED] |
| Respondents-Appellees. | * | |

_____

Submitted:  September 15, 1999

Filed:  October 13, 1999

_____

Before BOWMAN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In July 1991, John J. Coutee (hereinafter "Coutee") contacted the police in Springfield, Missouri, complaining that someone had broken out some windows in his car and threatening to shoot whomever was responsible. On July 23, 1991, Maurice Baker was fatally shot in the head when an assailant fired thirteen shots into a group of black men standing outside a house near Coutee's residence.

In a state court jury trial, the prosecution presented evidence connecting Coutee to the weapon used to murder Mr. Baker and revealing Coutee's use of racial epithets

and admissions to committing the crime to a neighbor and a cell mate. Following conviction for second degree murder and armed criminal action, Coutee appealed challenging the relevancy of testimonial evidence portraying him as a racist. Coutee also argued the court should have declared a mistrial *sua sponte* based on the prosecutor's statement in opening argument[1] that Coutee was a racist. The Missouri Court of Appeals affirmed, finding the testimonial evidence relevant to show motive or intent and to provide the jury a complete and coherent picture of the circumstances surrounding the crime under the *res gestae* exception. State v. Coutee, 879 S.W.2d 762, 767-68 (Mo. Ct. App. 1994). Finding that the defendant did not raise the prosecutorial misconduct issue at trial, the Missouri Court of Appeals reviewed the issue under the plain error rule "*ex gratia.*" Id. at 766. The court of appeals found ample evidence in the record to support the prosecutor's statements[2] and found no plain error in the court failing to declare a mistrial.[3] Id. at 766-67.

In reviewing the petition for a writ of habeas corpus under 28 U.S.C. § 2254, the federal district court[4] held that the Missouri Court of Appeals' resolution of Coutee's claims was neither based on an unreasonable determination of the facts in light of the evidence nor a misapplication of federal law. Coutee v. Dormire, No. 97-3142, Order

---

[1]Coutee complained of statements made during opening argument, however, the Missouri Court of Appeals concluded the statements about which Coutee complained are found in the opening portion of the State's closing argument. State v. Coutee, 879 S.W.2d 762, 766 n.1 (Mo. Ct. App. 1994).

[2]The record contains admissions to a cell mate and a neighbor that he had "shot me three or four niggers." Id. at 765.

[3]The court of appeals deemed Coutee's appeal of the denial of post-conviction relief abandoned. Id. at 766.

[4]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

at 2-4, (W.D. Mo. June 3, 1998).[5]  We agree and deny the petition, finding no error of law and overwhelming evidence of guilt.[6]

JUDGMENT AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]This court granted a certificate of appealability on two issues:  (1) the prosecutor's comments to the jury, and (2) the testimony of Coutee's neighbor, Christine Bailey, allegedly portraying him as a racist.

[6]Petitioner, in order to exhaust his remedies, is now required to petition for discretionary review to the Supreme Court of Missouri before filing in federal district court.  O'Sullivan v. Boerckel, ___ U.S. ___, 119 S. Ct. 1728 (1999).  However, at the time petitioner filed his § 2254 petition in district court, this court held a petition for discretionary review was not necessary.  Dolny v. Erickson, 32 F.3d 381 (8th Cir. 1994), cert. denied, 513 U.S. 1111 (1995), abrogated by O'Sullivan, 119 S. Ct. 1728 (1999).